**JS-6**

1
2
3
4
5
6
7
8

# United States District Court
# Central District of California

10

11   In Re:

12   GLORIA DEAN WELLS,

13                                    Debtor,

14

15

16

17

18

Case № 2:16-cv-8003-ODW

U.S.B.C. Case No.: 2:15-bk-27834

B.A.P. Case No.: CC-16-1319

**ORDER GRANTING APPELLANT'S**

**EX PARTE APPLICATION [10]**

19        On December 8, 2016, Appellant/Creditor Michael Griffith, appearing pro se,

20   filed an ex parte application seeking to transfer this matter back to the Ninth Circuit's

21   Bankruptcy Appellate Panel.  (ECF No. 10.)  Griffith's original Notice of Appeal

22   contained the statement, "COME NOW, Michael Griffith; and Appeal to the District

23   Court: from an Order: entered for the Debtor Gloria Dean Wells, and against the

24   Creditor; Michael Griffith . . . ."  (ECF No. 1.)  A three-judge panel of the BAP

25   construed this as a "timely and effective" election to have the appeal heard by the

26   district court, 28 U.S.C. § 157(c)(1), and *sua sponte* transferred the matter to this

27   Court.  (ECF No. 8.)  Griffith now argues that his statement "Appeal *to* the District

28   Court" was in error, and that he actually intended to state that he was appealing "*from*

the United States Bankruptcy Court of the California-Central District." (ECF No. 10 (emphases added).)  Griffith gave notice to Appellee/Debtor Gloria Dean Wells of this application by: (1) informing Wells' counsel by both phone and through the CM/ECF System;[1] and (2) serving a copy of the application by overnight mail on Wells' last known address.  Wells has not submitted a timely opposition to the application.

Pursuant to the Local Rules governing bankruptcy appeals, a party may move "to withdraw the election for the bankruptcy appeal to be heard by the district court and to refer the matter to the Bankruptcy Appellate Panel."  C.D. Cal. Local Bankr. Rule 5.2.  Neither the Local Rules nor the Federal Rules of Bankruptcy Procedure appear to state a standard for granting such a motion.  Nonetheless, the Court sees no reason not to grant the motion absent prejudice to the other party or bad faith on the part of the movant.  The Court concludes that nothing on the face of Griffith's application shows either prejudice or bad faith.  Moreover, any argument Wells may have that the application either caused her prejudice or was brought in bad faith is waived by her failure to file a timely opposition.  C.D. Cal. L.R. 7-12.  Thus, the Court **GRANTS** Griffith's Application.  (ECF No. 10.)  The Clerk shall transfer this matter to the Ninth Circuit Bankruptcy Appellate Panel, Case No. CC-16-1319, for further proceedings.

**IT IS SO ORDERED.**

December 21, 2016

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Debtor's counsel apparently informed Griffith that they were no longer representing Debtor in this appeal.  Nevertheless, they have not withdrawn as counsel of record in this appeal, and thus notice and/or service on them is adequate.  Fed. R. Bankr. P. 8011(b).